UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MDMB INVESTMENTS LLC, DBA CHRISTIAN BOOK CENTER** | :: | |
| *Plaintiff,* | :: | C.A. NO. _____ |
| | :: | |
| *versus* | :: | |
| | :: | JUDGE JAMES D. CAIN, JR. |
| **STATE FARM FIRE AND CASUALTY COMPANY** | :: | |
| *Defendant.* | :: | MAG. JUDGE KATHLEEN KAY |

**PETITION FOR INSURANCE BENEFITS AND DAMAGES**

**NOW INTO COURT** comes MDMB INVESTMENTS, LLC dba CHRISTIAN BOOK CENTER, though its duly authorized Officer, Marcus and Deborah Leonard, Plaintiff herein, who for their Petition for Insurance Benefits and Damages aver to wit:

**JURISDICTION AND VENUE**

1. This is an action for insurance benefits, damages and punitive damages brought pursuant to a contract of insurance issued by your defendant, STATE FARM FIRE AND CASUALTY COMPANY ("Defendant" or "STATE FARM") to your Plaintiff, MDMB INVESTMENTS, LLC dba CHRISTIAN BOOK CENTER. ("CHRISTIAN BOOK CENTER" or "Plaintiffs.")

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to*, inter alia*, 28 U.S.C. § 1332(a) because the Plaintiffs are citizens of a different state than the Defendant and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

P a g e | 2

3. Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in the geographical boundaries of the Lake Charles Division of the United States District Court for the Western District of Louisiana, where all of the property that is the subject of the action is situated.

## PARTIES

4. Your Plaintiff, CHRISTIAN BOOK CENTER reside in and are domiciled in Calcasieu Parish, Louisiana.

5. Defendant, STATE FARM FIRE AND CASUALTY COMPANY is and at all times herein mentioned was, a foreign insurance corporation authorized to do and conducting the business of insurance in the Parish of Calcasieu, State of Louisiana, but is a resident of and domiciled in the State of Michigan.

## FACTUAL BACKGROUND

6. Defendant is liable unto Plaintiffs for damages arising from wind driven rain that caused damage to the CHRISTIAN BOOK CENTER.

7. CHRISTIAN BOOK CENTER operates a business that is located in Lake Charles, Louisiana. (The "CHRISTIAN BOOK CENTER.")

8. The CHRISTIAN BOOK CENTER was severely damaged on May 17, 2021 by wind driven rain, that damaged personal property.

14. At all times pertinent hereto, defendant STATE FARM FIRE AND CASUALTY COMPANY had in full force and effect a policy of insurance (Louisiana Policy #98-BL-V851-7, hereinafter sometimes referred to as the "Policy") that provided insurance coverages to the

CHRISTIAN BOOK CENTER in the event of damages to or loss of the CHRISTIAN BOOK CENTER property. Loss of Income and Computer.

15. STATE FARM's Policy provided, *inter alia*, coverage for the loss or destruction of the contents, Loss of Income and Computer.

16. On May 23, 2021, shortly after the damage to the CHRISTIAN BOOK CENTER, Plaintiffs put STATE FARM on notice of their losses to the defendant and asked that adjustment procedures begin and made further demand upon STATE FARM for benefits due Plaintiffs under the policy issued by defendant.

17. Your Plaintiffs thus placed STATE FARM on notice of their losses and has thereafter co-operated fully and fairly with STATE FARM and complied with all reasonable requests for information, all as is contemplated by the Policy issued by STATE FARM.

19. On May 24, 2021, STATE FARM had the CHRISTIAN BOOK CENTER upload all of their contents using Contents Collaboration having a third party company detail the contents.

20. STATE FARM issued an inadequate payment in the amount of $75,367.96 on December 4, 2021 to Plaintiffs.

**First Cause of Action:**
**(Breach of Contract)**

21. In spite of being placed in possession of proof of your Plaintiffs' losses, Defendant has failed to tender amounts due and owing under the STATE FARM policy in question within thirty (30) days of inspection of property.

22. As a consequence of Defendants failure to pay your Plaintiffs, within thirty (30) days after inspection of the property, the Defendant has breached its contract with your Plaintiffs and has further violated its affirmative duty of good faith and fair dealing, all as more fully set forth below.

## Second Cause of Action:
## (Breach of Implied Covenants)

23. Pursuant to ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64 (1938), this Court sits as an "Erie Court" and must apply the substantive law the State of Louisiana.

24. La. R.S. 22:1892 (A)(1) provides in pertinent part:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

25. La. R.S. 22:1892 (B) (1) provides in pertinent part that:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . as provided in Paragraphs (A)(1) [] of this Section . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

26. STATE FARM violated La. R.S. 22:1892 by failing to pay the CHRISTIAN BOOK CENTER amounts due and owing under the STATE FARM Policy, after STATE FARM received satisfactory proofs of the CHRISTIAN BOOK CENTER losses and appropriate demands. Thus, in addition to the amounts due and owing under the Policy, CHRISTIAN BOOK CENTER is owed mandatory statutory penalties and attorney fees.

27. The Louisiana Legislature enacted the "Unfair Insurance Trade Practices Act," La. R.S. 22:1961 et seq., to "regulate the trade practices in the business of insurance, in accordance with

the intent of congress as expressed in Public Law 15-79th Congress,1 by defining or providing for the determination of all acts, methods, and practices which constitute unfair methods of competition and unfair or deceptive acts and practices in this state, and to prohibit the same." La. R.S. 22:1961.

28. La. R.S. 22:1973(A) establishes that all insurance companies doing business in the State of Louisiana, including Defendant STATE FARM, owes its insureds, including the CHRISTIAN BOOK CENTER, a duty of good faith and fair dealing and provides in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
> (4) Misleading a claimant as to the applicable prescriptive period.
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

29. La. R.S. 22:1973(C) provides in pertinent part:

> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used

> by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

30. The foregoing provisions of the Louisiana Insurance Code are a part of every Louisiana insurance contract, including the contract between STATE FARM and the CHRISTIAN BOOK CENTER.

31. STATE FARM breached its duty under La. R.S. 22:1973(B)(5) by failing to pay to the CHRISTIAN BOOK CENTER amounts that were clearly due and owing within 60 days of receipt of satisfactory proof of loss, all of which subject STATE FARM to penalty damages as is set forth in LSA-R.S. 22:1973.

32. Defendant arbitrarily and capriciously failure to pay amounts to your Plaintiffs for a period in excess of sixty (60) days and its misrepresentation of the provisions of the Policy entitled the CHRISTIAN BOOK CENTER to receive, in addition to the insurance benefits and general and special damages to which this Plaintiffs is entitled, (2) times the actual damages sustained by your Plaintiffs or five thousand ($5,000.00) dollars, for each discreet breach of your defendant's duties pursuant to LSA R. S. 22:1973.

33. Defendant arbitrarily and capriciously failure to pay amounts to your Plaintiffs for a period in excess of thirty (30) days as is contemplated by LSA-R.S. 22:1892 entitle the MATTE to receive, in addition to the insurance benefits, general and special damages to which these Plaintiffs are entitled, penalties of fifty (50%) percent of the amounts due and owing or one thousand ($1,000.00) dollars, whichever is greater, for each discreet breach of your defendant's duties pursuant to LSA R. S. 22:1892, together with attorney fees and all costs of these proceedings.

WHEREFORE, premises considered, Plaintiffs herein, CHRISTIAN BOOK CENTER, pray:

I. That this, their Petition For Insurance Benefits and Damages be duly filed and served upon defendant STATE FARM FIRE AND CASUALTY COMPANY, citing the Defendant to answer the allegations contained within this petition;

II. That after all legal delays had that there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff an amount equal to all benefits due and owing your Plaintiffs under the contract of insurance existing between CHRISTIAN BOOK CENTER and STATE FARM FIRE AND CASUALTY COMPANY; together with all damages reasonable in the premises due to Defendants breach of its contract with the Plaintiffs;

III. That there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff damages and penalties pursuant to La. R.S. 22:1892 and/or La. R.S. 22:1220, together with attorney fees and all costs of these proceedings;

IV. That there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff judicial interest on all awards herein as is contemplated by Louisiana Law.

V. For all general and equitable relief to which CHRISTIAN BOOK CENTER may otherwise be entitled to receive.

Respectfully submitted:
JONES & HILL, LLC

By: /s/ Craig Ray Hill
 Craig Ray Hill
(La. Bar. Roll # 23780)
John Craig Jones
(La. Bar. Roll # 17648)
PO Box 1260
Oberlin, Louisiana 70655
Attorney for Plaintiff

*PLEASE SERVE:*

**THE STATE FARM FIRE AND CASUALTY COMPANY**
Through its agent for service of process:
Honorable R. Kyle Ardoin
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809